You can call the next case. 19-003, Plaintiff Mary Pranno v. Michelle A. Pranno v. Donkle Please step up and identify yourselves. Good morning, Justice. This is Greg Garfalo on behalf of Michelle Pranno Donkle. James Cook on behalf of Plaintiff Faith Mary Pranno. And you know you've heard from the prior one, so we'll be as lenient as we can, but try and stick to the principal points. Go ahead. Thank you. Your Honors, may I please reserve time for rebuttal? And please speak up. Thank you. May it please the Court, I am James Cook. I represent Plaintiff Faith Mary Pranno. This case is about defendant having acted with bad faith towards plaintiff as trustee of their deceased mother's trust estate. The record showed defendant's bad faith and irrefutably showed a loss of the trust in the sale of the trust's real property. This Court should reverse the trial court's judgment because the trial court erred by promising too much of its findings as to liabilities for breach of fiduciary duty on the issue of damages without at least awarding nominal damages or otherwise considering the damages proven before it with a reasonable degree of certainty. Also, the trial court did not follow Illinois' bright line test, disallowing attorney's fees for any breach of trust, no matter how technical that breach may be. Furthermore, the court did not follow Illinois' law requiring denial for the trustee's compensation for these breaches of fiduciary duty made in bad faith. Also, in accounting what's owed in this matter, to account for not only what we've not known since 2015 as to what consisted of the trust, but also to determine what were consisted of in the attorney's fees that were charged to the trust. And finally, the court failed to consider damages properly to a reasonable degree of certainty, including those that were proven as to the trust's real property. Looking to the Court's order as to the issue of damages specifically, it is understandable on one sense to say that damages were difficult to calculate or damages were not proven sufficiently for the court in the sense because they would be too small because they have to be divided between the beneficiaries. If you recall in this case, there are three beneficiaries, AJ, defendant, and plaintiff. And one of the court's complaints in this order was that the damages would have to be divided between them and they'd be too difficult to calculate. Even if that is true, it doesn't matter if the damages are too small. As cited in Flynn v. Vansell, that case, in fact, was a wrongful death case of a two-week-old baby in which the jury decided to award $1 in damages and not award anything else because it did recognize that there was an issue of liability here. Here, there were numerous instances of liability, ranging from the failure to follow first the terms of the trust. The terms of the trust specifically provided that the defendant had to procure agreement from the beneficiaries within a 60-day time period after plaintiff's mother's death on September 16, 2012. The record is irrefutable. And this is an area in which, I guess, numbers and dates can't really be disputed. It's acknowledging the record and it's acknowledging the evidence that there was an e-mail from November 12, 2012, saying that the estate sale already occurred. That is less than 60 days, and that is a clear violation of the trust in failing to follow its trust terms. But more importantly as well, in not following the 60-day provision, I believe that also shows bad faith. Bad faith was irrefutably required under the trust under 3.1 and 7.11 of the trust agreement. Also on top of that, too, there has actually been a lot of Illinois law that has been very clear as to the issue of There's a lot of Illinois law that is clear as to the issue of frank disclosures of information that should be made. Under Illinois law, a trustee has a duty to provide a frank disclosure of all the information that is provided. And also, that is one of the factors that the court is supposed to consider in a breach of fiduciary action. And here, there were no frank disclosures that were provided, as evident by not only the defendant's failure to inform my client of her mother's death, or inform plaintiff of her mother's death, but also in not being forthright as to the disposition of the Hummels, and also trust personal property. Also on top of that, too, one of the arguments that the defendant has made is that there arguably was no damage caused by the delay of knowing of plaintiff's mother's death by plaintiff. However, there was, because during that time, there was testimony that defendant had already given away personal items of the trust personal property to non-beneficiaries. And plaintiff, as a beneficiary, remained in the dark and had no idea her mother died, had no idea that things were being given away. And then on top of that, too, even within the 60 days, in October, she was in Park Ridge, Illinois, and she still was not allowed to see any of the trust personal property and was told if she even tries to do so or go to the real property, that she'll be arrested. One important point that I also want to make, too, is that this is addressing defendant's brief. Defendant's brief discusses me as saying, attorney Scott Coons did not provide independent and competent advice. Actually, no, my brief was actually referring to defendant not providing independent and competent advice to plaintiff. There are three factors to rebuke a presumption of fraud by claimants. One is clear and convincing evidence in a case where there's a loss of the trust and the trustee has benefited. And those are that plaintiff received independent and competent advice from the defendant and also that defendant provide full and frank disclosures of all the information that it had and also made reasonable or adequate consideration. And that's what I was referring to with that, was that it was just that she was not, she had told my client that the trust told her that she's allowed to decide everything and was not being cooperative with her in that regard. One more thing, too, that I'd like to touch on is that it is a bright line test for a denial of attorney's fees. Damages do not need to be shown, and that was actually very clear from the case law that was cited in plaintiff's closing argument for the trial court. Northern Trust v. Huer, Grape v. Grestick, and Ellis v. King. And I also want to point out that in Grape v. Grestick, that was actually a case in which the trustee over a long period of time made the trust a lot of money, but it was still found that he was not allowed to recover attorney's fees for technical breaches. And there's one more thing that I would like to clarify, and I think it's important to be frank with the court on this matter, is that in my brief, I did argue that the trustee forfeited a denial of compensation. And I did find a case, it was Continental Bank v. Kelly. And Continental Bank v. Kelly provided a denial of compensation, and I did find a case in which the trustee forfeited a denial of compensation, and I did find a case, it was Continental Bank v. Kelly. Continental Bank provided that where self-dealing does result in a loss, even though the loss is made in good faith, the violation of the rule prohibiting a trustee in self-dealing is a breach of trust, which would also affect the compensation of the trustee involved in a questionable transaction. Also, I did cite Jones in my brief as well for the proposition that there's a forfeiture of trustees' compensation. But Jones actually applies a factors test. So Jones applies a factors test that's different, but that test includes more as to bad faith being exercised as well as, you know, damage that's done to the trust, whether the act was intentional, negligent, or without fault, whether the breach of trust related to management of the trust in whole or only related to part of the trust property, and other factors. And even in considering of those factors, it is very clear that there was a breach of fiduciary duty in this case, given not only numerous instances of bad faith in which my client was kept or plaintiff was kept left in the dark, but also in the sale of the trust's real property in which defendant incurred an entirely avoidable $15,000 real estate commission as well as $7,500 in attorney's fees. And even if that was done in good faith, and we actually did not dispute her selling it to herself, but it could not be done at a loss. And Continental Bank versus Kelly as well as the other cases, you know, make it very clear that the trust property cannot occur at a loss in that regard. Overall, this case is important in showing that there was a breach of fiduciary duty, no matter the size of the damages, and that for the reasons that were argued in the brief, damages should nonetheless be awarded as proven. But also, too, attorney's fees as a matter of a bright-line test are not recoverable, and the trustee cannot recover compensation in this matter. For these reasons, I ask that the trial court, or not, that this court reverse the decisions of the trial court and find in favor of plaintiff. Are there any questions? No, thank you. Thank you. May it please the court. My name is Greg Garofalo of Garofalo Law Group, and along with Colleen McNulty, we represent Michelle Pround-Donkel, the defendant in the appellee. I hope to be very brief, as we believe that the trial court's order was very clear and concise as to what his findings were from the trial. Your Honors, the trial court correctly summarized this case when they stated that this is not a will contest, but a contest of a battle of the wills. And no one has won. As Your Honors are aware, this is a cause of action between two sisters, with one alleging a breach of duty of the other one, who is acting as a trustee of their mother's trust. This case invites the court to determine whether the trial court abused its discretion and ruled against the manifest weight of the evidence. And finding that, one, the defendant did not breach her fiduciary duty, awarding plaintiff no damages, allowing the trust to pay the defendant's legal fees, and denying an accounting. This court should affirm the lower court's judgment because the plaintiff cannot and has not identified, as the court put it in the trial court, any concrete or credible evidence that the defendant actually breached her fiduciary duty as a successor of her mother's trust. The trial court provided a comprehensive written decision based on the evidence that was presented in a two-day trial and questioned whether this suit was filed to settle a grievance or rather than to right a wrong. The opinion was clear and concise as the trial court's finding that the plaintiff was not credible and failed to prove by a preponderance of the evidence that there was any basis to rule in her favor. In fact, the trial court stated, quote, the evidence was overwhelming that the defendant did an excellent job administering this estate. Her decisions were fair and they were reasonable, end quote. In her brief, the plaintiff argues that the trial court abused its discretion, ruled against the manifest weight of the evidence, and asked the court to reverse the trial court's decision. As the court knows, there exists an extremely high burden or standard to find that a trial court abused its discretion or ruled against the manifest weight of the evidence. Here, we believe it's clear that that standard just has not been met. Point one, the trial court ruled properly that the defendant did not breach her fiduciary duty. The defendant makes several accusations that the defendant breached the fiduciary duty. For example, my colleague did bring up that the plaintiff alleges that the defendant breached her fiduciary duty by not notifying the plaintiff that her mother had passed away. Yet, the plaintiff provided no case law, no statute, no basis for which stating that that is a breach of fiduciary duty, and the court didn't find that it was a breach of fiduciary duty. There was an abundance of evidence in this case which supports the trial court's ruling. The plaintiff can only mischaracterize and criticize the trial court's ruling, but its behavior does not warrant a reversal. In her brief, the plaintiff focuses on three acts in which the plaintiff believes that the defendant breached her fiduciary duty, the distribution of the personal property, the trust real estate, and the trust bank account. I'll address each of those very quickly right now. First, there was the personal property issue. The plaintiff argues that the defendant failed to exercise good faith when distributing the personal property of the trust. Article III of the trust clearly laid out the terms with regards to how the property, the personal property was to be distributed. Specifically, Section 3.1, 3.2, and 3.3 of the trust state how the personal property should be distributed. And the trial court specifically noted and restated those sections in its opinion. And it provided that any decision made in good, Section 3.1 stated that any decision provided, sorry, Section 3.1 provided that any decision made in good faith by the trustee in distributing personal property shall not be subject to review and the trustee shall be held harmless from any liability. The plaintiff argued that the defendant breached her duty for failure and did not act in good faith in distributing the residuary personal property. Specifically, the plaintiff argues that, argues actually excessively, that the defendant's failure to wait 60 days before distributing the residuary personal property is evidence alone that the defendant acted in bad faith. There was evidence that was presented at the trial that the defendant and the plaintiff tried to work together to try to resolve the distribution of the personal property. And I agree that it was not done within 60 days. And, in fact, the defendant knew from the correspondence back and forth with the plaintiff that they would never reach an agreement within 60 days. And, in fact, the plaintiff even stated at trial that she never believed that they would reach an agreement. So defendant interpreted 3.2 of the trust to state, to interpret the 3.2 of the trust to mean that they would try to resolve it within 60 days, but it was not a drop that absolutely had to wait, have to wait 60 days. And in seeing that they weren't going to come to an agreement, she moved very quickly and swiftly to distribute the personal property, sell it at an estate sale, and distribute the proceeds to the three remaining beneficiaries of the trust. Plaintiff, or my colleague brought up self-dealing. And, yes, there was self-dealing with regards to, on behalf of the defendant. Because it was authorized in the trust. The trust specifically gave the power to the defendant to purchase the property, the real property, from the trust. 3.3 of the trust provided that authority. While the plaintiff argues that the defendant's purchase of the trust's real property resulted in a loss to the trust estate, the defendant actually argues that, in fact, there was a gain from waiting to sell the property in 2015 as opposed to in 2013. The defendant, however, the defendant did try to move swiftly in purchasing the property. Within 12 months of her mother's death, she made an offer on the property to purchase the property based on an appraisal. And the terms of 3.3 of the trust specifically state that the defendant could purchase the property for the fair market value. And the way to determine a fair market value, the defendant determined, was to obtain an appraisal. Plaintiff objected to the purchase price based on that appraisal. And immediately soon thereafter, this complaint was filed. Based on that, the defendant held off on purchasing or moving forward with any purchase of the property based on the complaint that was filed. In early 2015, the defendant decided that the best course of action would be to list the property, the trust real estate for sale, with a real estate agent. In listing the real estate, the defendant did not list herself as an exception to the contract. As far as an exception to the buyer to the contract. Because she was not intending to purchase the property. Her hope was that the trust real property would receive an exceptional or a very high offer and that they would be able to sell it and distribute the proceeds. Testimony was provided at trial that there were a couple of offers, but the defendant determined that these were not viable offers. Plaintiff, I think, really focused on price, price, price at the trial. Whereas the trial court, I think, focused on the testimony of the defendant that it was more than just a price that had to be determined. You also had to look at, was the offer viable? Was financing going to go through? Where did the offer stand? And that was the testimony that was given and that was the reason that the defendant stated, her and her husband made a $309,000 offer in cash and then they were able to close within two weeks. The other offers had contingencies, which it's just that, a contingency they may not have been able to close. I will say the $309,000, as it was stated at trial too, was $19,000 more than the appraisal value that the plaintiff had obtained herself on the property. And $14,000 more than the appraisal that the defendant had updated. She had gotten her original appraisal. She felt that it was in the best interest of the trust to get an updated appraisal and she did that. The trial court listened to all the testimony, as I said, and believed that the defendant acted in the best interest of the trust and acted in good faith. As the court stated during the trial, there was no damages in delaying the selling of the trust's real estate. Accordingly, the evidence showed that while there was self-dealing, that self-dealing did not have a detriment to the trust's estate. The trust bank account. Plaintiff's argument that the defendant mismanaged the trust's Chase account is meritless and the plaintiff's assertion that the bank account was not a gift demonstrates the frivolous nature of this appeal. The trust Chase bank account was provided for in the trust that it was to be used to pay its expenses and the specific gifts in the trust and the balance would be given to the defendant for her years of service to her mother. In addition, though, that trust account, or that Chase account, I will call it, not trust account, that Chase account was a joint tenancy account held in with the trust as one tenant and the defendant individually as the other tenant. Under Illinois law, it's very common law, is that a joint tenant with right of survivorship takes whatever is left when the other joint tenant passes. So while the trust specifically stated the distribution, the trust property actually, on the death of Louise, was the defendant's. And are there any questions with regards to the property before I move to damages? No. Damages were focused on a lot by my colleague just now, but we don't even get to damages if you can't even prove that there was a breach of fiduciary duty. We acknowledge there was a fiduciary duty, absolutely. The second prong is was that fiduciary duty breached? And third prong, then what are the damages? How are they computed? We don't believe that there wasn't a breach of fiduciary duty. We believe that the judge in the trial court made the correct ruling based on the evidence that was presented to him. However, damages, looking at that, if this court were to find that there was a breach of fiduciary duty, did the trial court err or abuse its discretion in determining that the damages were not supported by the plaintiff's concerns? The plaintiff argues that her damages testimony was mischaracterized by the trial court, which alone should be sufficient to establish the ruling was against the manifest weight of the evidence. However, in the Halas case, the court found that a claimant must prove damages to a reasonable degree of certainty, and evidence of damages cannot be remote, speculative, uncertain, and a reviewing court cannot reverse the trial court's determination of the damages unless it's against the manifest weight of the evidence. In this case, the record is conclusive. The plaintiff did not prove damages to a reasonable degree of certainty. There's no evidence that the trial court's findings was against the manifest weight of the evidence. The plaintiff did not provide any expert testimony, any appraisals on the personal property, or any other documentation which the plaintiff testified to to support her allegation that she had damages with regards to the personal property. During the plaintiff's discovery deposition, the plaintiff testified that she didn't know the value of the personal property. At trial, the plaintiff testified that the value of the personal property was $30,000. When asked why her testimony was changed, the plaintiff stated that she'd done her own research on eBay and different places. The plaintiff provided no documentation from eBay or these different places, only her testimony. In fact, the court asked if she obtained the $30,000 by estimating, and the plaintiff nodded, yes, more or less. The evidence the plaintiff presented was remote, speculative, uncertain, at best. Accordingly, the evidence supported a non-award of damages. The trial court did not abuse its discretion in allowing the trust to pay the legal fees, the attorney's legal fees. We acknowledge that one of the leading cases, the Northern Illinois case, found that the cost of litigation to construe a trust in which there are adverse claims are paid by the trust to state. It's only when, in that case, there's a breach, even a technical breach, could result in attorney's fees not coming out of the trust. There was no breach here. So the defendant had the right, pursuant to the terms of the trust, 7.3 of the trust, to pay her attorney's fees to defend the trust. Lastly, the trial court did not err on its rule, on its ruling regarding the accountant. The plaintiff argues that the trial court did err in denying an accounting and should reverse that appeal. The plaintiff makes several incorrect assertions regarding the issues of the accounting in her brief. First, the accounting referenced at the trial was not a draft accounting. It was the accounting prepared by the defendant's prior attorney, which was provided to the plaintiff's attorney. However, the court did not admit the accounting because the plaintiff failed to present the proper evidentiary foundation for the accounting, which the trial court stated in its opinion. The argument that the accounting demanded during trial is misleading and much different than the plaintiff was able to admit the accounting. The argument that the accounting demanded during trial is misleading. And if there's a much different one, the plaintiff was seeking. The plaintiff cannot overcome, though, the defendant's evidentiary objections, and the court did not feel, did not allow the accounting. I was just going to say, unless the Court has any questions, for all the foregoing reasons, the defendant will respectfully request this Court to affirm the trial court's ruling. Thank you. I'll try to make this very brief. My first point is that numbers, they don't lie, or numbers are what they are. And here, I know that there was testimony regarding various expert testimonies, but here we have actual offers that were more than what was offered by defendant. And so we have actual offers that were more. And the defendant, opposing counsel is talking about defendant using her judgment as trustee to delay the sale of the property, which she lived in rent-free during that time. But here, she turned down an FHA potential sale because, as she testified, because of the FHA. But it was actually found that the contract for that FHA sale was for an as-is condition, in which the cost of repairs would be owed to the buyer. And so in that case, that was a perfectly good contract. So he, opposing counsel, indicated that she was hoping for better offers by excluding herself from it. But that doesn't really make much sense, because she did get better offers. She got better actual offers and still chose not to take them after waiting several years. And her reason for not taking the FHA offer on the record was that it was going to take too long and it was going to be too onerous, but it wasn't. Another point that I want to make is that opposing counsel cites In re Hollis. And In re Hollis is the same case that also has determined – it's a Chicago Bears case. That's kind of interesting. But it's also a case where it found that nominal damages may be awarded in a breach of fiduciary duty case where damages otherwise are not shown. Another point that I want to make is Illinois law does recognize a failure to notify as a breach of fiduciary duty. In fact, in my brief, I cited Wright v. Chandler, which was a case in which there was a delay that did prejudice the interests of the beneficiary in that case. And there was found to be a breach because of it. Also, Jan Alec v. Taisi is another case that is cited. And at 1012 on that case, it's very clear that, you know, a beneficiary shouldn't have to look for other avenues to find information that she's owed. Also, on top of that, opposing counsel said they were never going to reach an agreement. So the 60-day provision shouldn't matter, even though it's a term that's clearly stated in the trust and even though a trustee is bound to the terms of the trust under Illinois law. However, that's speculative. And just because parties don't like each other, they still need to work with each other. And in fact, in my brief, I cite Obermeier, which is this notion that the parties still, you know, you can deal with each other outside of the scope of your relationship, but when you're in that trustee-beneficiary relationship, you still have a duty as trustee, even if it is your sister. Also, opposing counsel referenced the discovery deposition. The discovery deposition isn't in the record. And so that's why I argued that that shouldn't matter. Thank you. Thank you very much. Okay. The briefs were done very well. We'll let you know as soon as we discuss the case. Thank you.